SUN LIFE INSURANCE COMPANY OF AMERICA v. L. A. MURFF.

Decided March 12, 1903.

**Appeal to County Court—New Cause of Action.**

Where plaintiff sued in the justice court for an amount due on a special salary contract, and on appeal to the county court filed an amendment therein seeking to recover an additional amount claimed as due on a guaranty contract, being a separate distinct item accruing subsequently to the special salary, such amendment set up a new cause of action, and the court erred in refusing to sustain exceptions thereto.

Appeal from the County Court of Galveston.  Tried below before Hon. John W. Campbell.

*James B. & Chas. J. Stubbs,* for appellant.

*Marsene Johnson,* for appellee.

GARRETT, CHIEF JUSTICE.—L. A. Murff brought this suit November 5, 1901, in a justice court against the Sun Life Insurance Company of America upon an account for commissions and salary, $55 principal and $6.60 interest.  The defendant pleaded payment, and also, in reconvention, a balance of $108.60 which it alleged the plaintiff owed it. A trial in the justice court resulted in a judgment in favor of the plaintiff for the amount sued for.  An appeal was taken to the county court by the defendant.  In the county court, the plaintiff, with leave of the court, filed an amended petition in which he alleged that he had been employed by the defendant as assistant superintendent in Galveston, Texas, by a contract in writing by which the defendant agreed to pay plaintiff a guaranty salary of $15 a week, and a special salary of twice the net increase of the collectible weekly debit of all agents working under the plaintiff as assistant superintendent, on condition that the net increase should average at least one dollar a week and $52 for the year.  That said contract was effective from its date, November 28, 1898, until December 22, 1900, and plaintiff performed his duties thereunder, and defendant paid his regular guaranty salary of $15 a week until November 28, 1900; that the net increase for the year ending November 28, 1899, amounted to the sum of $54.04; all the conditions were alleged to have been met, and it was alleged that there became due the plaintiff by the defendant as his special salary the sum of $55, which the plaintiff was entitled to recover with legal interest.  Plaintiff further alleged that on December 22, 1900, there was due him by the defendant his guaranty salary for the two weeks next preceding that date; that the defendant had paid him on account thereof $8.80, and withheld from him the sum of $21.20, which it had failed and refused to pay.  Judgment was asked for the sum of $55 and interest as special salary due the plaintiff, and the sum of $21.20 and interest due him

on his regular salary. The defendant excepted to the claim for $21.20 as a new cause of action, set up for the first time in the county court; pleaded payment of all amounts accruing under the contract, and again pleaded in reconvention the sum of $108.60, as in the justice court. The court overruled the exceptions, and the case was tried by a jury and resulted in a verdict and judgment in favor of the plaintiff for the full amount sued for.

The plaintiff testified that the defendant still owed him $54.04 earned by him during the first year of the contract as special salary, and the sum of $21.20, withheld out of his last two weeks guaranteed salary. The defendant put in evidence 108 receipts of the plaintiff for the weekly guaranty salary for each week of his entire period of employment. It also put in evidence seventeen receipts given by him for special salary, together with a statement of his account made out in accordance with the terms of the contract, which showed that all of the special salary up to a settlement had June 11, 1900, had been paid, and that after that date no special salary accrued according to the terms of the contract; but in March, 1901, the plaintiff having claimed that the defendant was still indebted to him for special salary, the defendant waived the terms of the contract which required a stipulated net increase, and paid him in full for the actual increase, according to which there would be a balance due him of $45.08, and took his receipt for that sum, dated March 23, 1901, as for salary of every description and in full of all demands. The plaintiff admitted the receipt of all the amounts shown by his receipts put in evidence, except the receipts for the last two weeks of guaranty salary, out of which he said the defendant reserved $21.20 on account of lapses in policies which plaintiff afterwards discovered to be error. Plaintiff's amendment claiming the $21.20 was filed in the county court only two days before the cause was called for trial, and when the trial judge overruled the defendant's exceptions to the item as a new cause of action, it was too late to get the evidence of the defendant's president and secretary, as will appear from a bill of exception showing the refusal of the judge to continue the case.

We are of the opinion that the item for $21.20 was a new cause of action to which the defendant's exception should have been sustained. As originally brought in the justice court, the suit was for $55 for special salary, as fully shown by the pleading filed in the county court. The $21.20 set out in the amendment as guaranty salary was entirely separate and distinct in its nature, and not an extension or enlargement of the original demand, but accrued subsequently to it. It will be unnecessary to consider the assignment of error upon the action of the court in refusing the continuance.

A written receipt given for money may be explained or contradicted by parol evidence, but the plaintiff did not deny the receipt of any of the sums of money as shown by his receipts put in evidence by the defendant, except as to the two last given for the guaranteed salary, and these are eliminated from the case by the error of the court in refusing

to strike out the item to which they relate. No explanation was given by the plaintiff of the receipts given by him for advances in special salary that prevents their application to the clear statement of his account furnished by the defendant, and the correctness of which is not disputed. It clearly appears from all the evidence in the case according to a proper construction of the contract that the plaintiff has been at least fully paid all that the defendant agreed to pay him, even after the forfeitures had been waived by it. The judgment of the court below will be reversed, and since the undisputed evidence shows that the plaintiff is not entitled to recover anything of the defendant, judgment will be here rendered in its favor.

*Reversed and rendered.*